Harry Walter VOEGE and Anna May Tunmore, etc., Plaintiffs,

v.

Frederick W. ACKERMAN et al., Defendants.

No. 70 Civil 5776.

United States District Court, S. D. New York.

March 31, 1976.

**694**

Charles Trynin, New York City, for plaintiffs.

Seward & Kissel, New York City, for defendants Armour and Co. and The Greyhound Corp.; Lester Kissel, Anthony R. Mansfield, New York City, of counsel.

Lovejoy, Wasson, Lundgren & Ashton, New York City, for defendant General Host Corp.

## OPINION

EDWARD WEINFELD, District Judge.

This application for allowance of counsel fees was deferred pending the filing and allowance of claims by shareholders on whose behalf the action was commenced. Familiarity is assumed with the terms of the settlement, which were approved by this court after due notice to interested parties.[1] The gross amount of the settlement fund represented $0.27 per outstanding Armour share as of the date of the Greyhound-Armour merger. However, this was subject to deductions for legal fees and administrative expenses, so that the maximum amount of settlement was $0.164 per share for those who held their shares until the settlement date, March 15, 1974. As to class members who exchanged their shares of Armour for Greyhound and sold the Greyhound shares before March 15, 1974 at a gross sales price of less that 15⅜, under a formula set forth in the agreement the maximum amount of the settlement could not exceed $.0505 per share.

The settlement has now been consummated. In all, only forty-five claims were filed and allowed, upon which a total of $1,668.19 was paid out of the fund, of which the named plaintiffs in this action received $6.40. Administrative expenses totalled $7,968.83, leaving a balance in the fund of $231,708.69, less the sum to be allowed to plaintiffs' attorney, the remainder to be returned to Greyhound.

Whether it was due to dissatisfaction with the amount of the settlement per share, or disinterest, or the difficulty in obtaining information needed to file claims, the fact is that a bare handful of shareholders, owning 31,446 shares, approximately three and one-half per cent of the total of 893,873 shares of common stock held by potential class members, accepted the offer of $1,668.19.

Plaintiffs' counsel requests a fee of $40,000; while not opposed by defendants, it is not specifically consented to. The factors which are to guide the court in fixing a fair and reasonable fee have been set forth by the Court of Appeals in *City of*

---

1. *Voege v. Ackerman*, 67 F.R.D. 432 (S.D.N.Y.1975).

*Detroit v. Grinnell Corp.*[2] Plaintiffs' counsel, mindful of the de minimis acceptance by shareholders of the settlement, stresses factors other than the amount actually received by class members, emphasizing, among other matters, the contingent nature of any fee allowance. However, as *Grinnell* makes clear, there are no absolutes which permit determination of a fee with mathematical precision. While time is a factor, also stressed by plaintiffs' counsel, it is, as this court has observed, of only relative importance.[3] The court is of the view that of substantial significance is the value of the benefit actually received by those on whose behalf the action was allegedly instituted. Here the financial benefit to them is almost zero. Recognizing this, the petitioning attorney contends that many shareholders entitled to participate in the settlement failed to do so because of the difficulty in obtaining information from brokers or others to validate their claims. But more important, he contends that in effect he played the role of a private Attorney General and that his services were of therapeutic value in protecting the public interest against fraudulent conduct by recreant corporate officials. But this was not a case involving fraudulent conduct. As this court stated in approving the settlement:

> "The basic issue presented by this litigation is whether Greyhound fulfilled its obligation that minority Armour shareholders would receive for their shares at least the same value that General Host received for its Armour shares. As already noted, the determination of this issue depends upon the value attached to the Greyhound warrants and the date of their valuation. Experts relied upon by the litigants differ—a not unusual situation."[4]

Fairly viewed against the factual situation, the substance of the complaint cannot be deemed a securities fraud charge of material misrepresentation or material omission against which the public required protection. What was involved was the usual battle of experts—in this instance their divergent views as to the value of warrants. The controversy was settled by the application of empirical judgment.

Taking into account all factors and giving weight to their relative importance, the court deems the sum of $22,500 fair and reasonable and the same is hereby allowed.

---

2. 495 F.2d 448, 462–63 (2d Cir. 1974).

3. *Blank v. Talley Indus.*, 390 F.Supp. 1 (S.D.N.Y.1975); *see also Levin v. Mississippi River Corp.*, 377 F.Supp. 926, 931 (S.D.N.Y.), *aff'd on opinion below*, 508 F.2d 836 (2d Cir. 1974).

