Marie BARRETT, et al, Plaintiffs
vs.
William ALLISON, et al
Defendants

No. 80-1389-MA

United States District Court
Commonwealth of Massachusetts

December 27, 1982

**Alan Rogers, Charles Harak,** counsels for plaintiff.
**Ralph Child, AUSA, Bruce Mohl, Asst. A.G., Carl Valvo, Asst. A.G.,** counsels for defendant.

## MEMORANDUM AND ORDER
**Mazzone, D.J.** Plaintiffs have presented a motion requesting attorneys' fees to compensate counsel for their efforts on behalf of the plaintiff class in this action. The plaintiffs present a number of theories in support of their claim for fees, including: (1) the common law common fund theory; (2) the common law common benefit theory; (3) the common law bad faith theory; (4) the "not substantially justified" standard of the Equal Access to Justice Act; and (5) the Court's general equitable powers to

award fees. Each of these theories has been fully briefed in plaintiffs' Memorandum of June 7, 1982 and Supplemental Memorandum of August 19, 1982. Plaintiffs have also filed substantial and detailed affidavits concerning the costs of the legal assistance provided in this action.

At the outset, it is clear that many of the general requirements for a fee award are present. The representation by plaintiffs' attorneys was critical to the resolution of this matter, which was clearly in the plaintiffs' favor. The results of this litigation are evident and amply demonstrate the substantial role played by plaintiffs' attorneys. However, there must be some basis beyond effective advocacy upon which to award attorneys' fees.

The general American rule requires that each party bear its own attorneys' costs, unless a specific statute authorizes fees. **Alyeska Pipeline Service Co. v. Wilderness Society,** 421 U.S. 240 (1975). The common fund theory pressed by plaintiffs in this case is an exception to this general rule. **Id.** at 257-58. Under the common fund exception, the Court is permitted to invoke its equitable powers to require **all** individuals who reap the benefits of a lawsuit to share equally in the costs of obtaining that benefit. Thus, the exception allows:

> a party preserving or recovering a fund for the benefit of others in addition to himself, to recover his costs, including his attorneys' fees, from the fund or property itself or directly from the other parties enjoying the benefit.

**Id.** at 257.

In this matter, plaintiffs bring their motion for attorneys' fees at a time when the fruits of their litigation have been partially distributed. While it is true that "the rationale (of the common fund exception) is to prevent the entire cost of legal representation falling on the few who press the legal claims of many," **Kargman v. Sullivan,** 589 F. 2d 63, 68 (1st Cir. 1978), here that rationale would not be served by payment of attorneys' fees

from the remaining portion of the fund. At present, much of the fund has been claimed and distributed; when distribution has been completed, the balance will revert to the Federal Treasury. If plaintiffs' full costs are assessed against the remainder of the fund, then the full financial burden of bringing this lawsuit will fall either on absent class members or on the public fisc. In neither of these circumstances would the purposes of the common fund exception be realized: the aim of the exception is to spread the cost of litigation among its beneficiaries, not to shift it to a portion of those beneficiaries or to the losing party.

I have considered each of the plaintiffs' alternative grounds for recovery of attorneys' fees and find that the stringent requirements of these other theories are not satisfied by the facts and circumstances of this case. Though clearly an enhancement of the public welfare is achieved through the proper administration of the laws, this does not, as plaintiffs suggest, entitle them to recover their attorneys' fees. **Cf. Keith v. Volpe,** 501 F. Supp. 403 (C.D. Cal. 1980). Neither am I convinced that the conduct of the Government in litigating this matter was dilitory, in bad faith, or not substantially justified. If the zealous advocacy of a position ultimately found to be incorrect were grounds for the awarding of fees, every lawsuit would provide a basis for a claim for fees. Whatever the merits of such a system, this is not our rule. Finally, because there is a basis in the law for a partial award of attorneys' fees under the common fund exception to the general American rule, I decline to exercise what general equitable powers may inhere in this Court to do so.

Had this motion been timely brought before any claims against the fund had been paid, the appropriate course would have been to withhold from each claimant's recovery an amount equal to that claimant's **pro rata** share of attorneys' fees. **See, e.g. Voege v. Ackerman,** 70 F.R.D. 693, 694 (S.D.N.Y.

1976). However, at this stage in the proceeding, the only mechanism by which the common fund doctrine can permit recovery of attorneys' fees is to limit that recovery in proportion to the amount of the fund still available. That is, if one-third of the recovered funds remains, then plaintiffs' counsel are entitled to recover one-third of the total amount otherwise due to them. The claim for the balance of their fee must be pressed separately against those class members who have already collected their shares.

In order to enable the Court to fix a reasonable fee, plaintiffs are requested to file a summary affidavit of their legal costs related to this matter. This should include costs incurred in the preparation of this claim for fees and should not be limited to work performed after October 1, 1981. Included in this statement should also be compensation for work performed relative to this matter by both attorneys and law students. Parties should confer to determine what percentage of the fund remained undistributed as of the date of this Order, and this determination should be submitted by stipulation to this Court.

SO ORDERED.

**A. David Mazzone**
**United States District Judge**